UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIANBRO CORPORATION  :
                     :
        v.           :     Misc. No. 11-008S
                     :
GEORGE H. DEAN, INC. :
d/b/a DEAN STEEL     :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States District Court

Pending before the Court for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72) is Plaintiff's Request for Writ of Execution pursuant to Fed. R. Civ. P. 69. (Document No. 4). Defendant opposes the Application. (Document No. 5). A hearing was held on April 1, 2011. For the reasons discussed below, I recommend that the Court GRANT Plaintiff's Request and direct the Clerk to issue a writ of execution in the amount of $56,200.00.

This matter arises out of a case litigated in the District of Maine (Civil No. 2:08-cv-00128-DBH). See also Cianbro Corp. v. George H. Dean, Inc., 596 F.3d 10 (1st Cir. 2010). On August 17, 2010, District Judge D. Brock Hornby granted Plaintiff's Application for Award of Attorneys' Fees in the amount of $54,790.50 and costs which were taxed by the Clerk in the amount of $1,409.50 for a total of $56,200.00. (Document No. 1, Exs. A and B). Although Defendant has appealed the award to the First Circuit (C.O.A. No. 10-2108), it has not moved in either District Court or the First Circuit to stay execution of the fee and costs award.

Defendant's primary objection is that the issuance of a writ of execution is premature under Fed. R. Civ. P. 69 because the judgment has never actually been "entered" in this Court. Defendant's argument seeks to raise form over substance and is rejected. Pursuant to 28 U.S.C. §

1963, Plaintiff sought and was granted permission by Judge Hornby to register its "judgment" in Rhode Island. (Document No. 1, Ex. D). Thus, the next step was for Plaintiff to file a completed Clerk's Certification of A Judgment To Be Registered in Another District (utilizing AO Form 451) in this District accompanied by a certified copy of the judgment. Instead of completing that ministerial task to register the judgment, Plaintiff needlessly commenced this miscellaneous action as a "petition to register" (Document No. 1) and served the Petition and a summons on Defendant. (Document No. 2). Defendant answered and raised several defenses. (Document No. 3). All of this was unnecessary. However, since Plaintiff has submitted a certified copy of the "judgment," i.e., the District Court's Award of Fees and Costs, and a copy of Judge Hornby's Order under 28 U.S.C. § 1963 finding "good cause" to register the "judgment" in this District despite the existence of a pending appeal,[1] Plaintiff has effectively registered the "judgment" in accordance with 28 U.S.C. § 1963 and thus it has "the same effect as a judgment of [this District] and may be enforced in like manner." 28 U.S.C. § 1963. Accordingly, Plaintiff may execute on the "judgment" pursuant to Fed. R. Civ. P. 69(a)(1) and LR Cv 69[2] and I recommend that its pending Request for Writ of Execution (Document No. 4) be GRANTED and that the Court direct the Clerk to issue such a writ in the amount of $56,200.00 as requested.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72.

---

[1] This Court has also reviewed the electronic dockets for the District of Maine and the First Circuit and has independently verified the presence of Judge Hornby's Order under 28 U.S.C. § 1963 and the lack of any orders staying execution of the "judgment" pending appeal.

[2] Defendant's secondary argument that Plaintiff's request for writ of execution does not strictly comply with LR Cv 69(b) is also rejected. Plaintiff's request and supporting affidavit sufficiently meet the requirements of the local rule.

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 4, 2011